### JOHN W. PERKINS v. HEIRS OF JACOB BATES.

#### (Case No. 1790.)

1. APPEAL BOND.— The supreme court has no power to dispense with the express conditions prescribed by statute for an appeal bond; and it is held that the appeal must be dismissed because of the omission of the condition for the payment of damages awarded by the supreme court, though the case is one in which the court could not, in any event, assess damages against the appellant.

APPEAL from Brazoria. Tried below before the Hon. Wm. H. Burkhart.

The opinion states the nature of the motion made to dismiss and the grounds existing in support of it.

*Eugene J. Wilson,* for motion to dismiss.

*Ballinger, Mott & Terry, contra.*

WILLIE, CHIEF JUSTICE.— Among other reasons assigned by appellant for a dismissal of this cause is the alleged want in the appeal bond of the conditions prescribed by the statute. The only condition which is lacking is that which binds the obligors to see to the payment by the appellant of all such damages as this court may award against him. Whilst the present seems to be a case in which we could not in any event assess damages against the appellant, yet we have no power to dispense with this express condition provided by the statute. If so, one condition might be dispensed with in one case, and another in a different case, until there would be no uniformity whatever in appeal bonds, and no certainty as to what would be the fate of such instruments when they reached this court.

The statute prevents all this by prescribing a form that may be easily followed by merely copying its language, and there is no excuse for a failure in preparing such instruments.

This precise point was before the court in Reid v. Fernandez, 52 Tex., 381, and the appeal dismissed for the same cause. Referring to the reasons found in the opinion in that case, and to the notice given that a more strict compliance with the statute would be required in the future, we hold the present bond insufficient and the appeal is dismissed.

DISMISSED.

[Opinion delivered February 21, 1884.]